IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEILA GRADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-01207-N |
| | § | |
| DEAF ACTION CENTER, | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Plaintiff Sheila Grady's emergency motion for temporary restraining order ("TRO") [15]. Because Grady has failed to show a substantial threat of immediate and irreparable harm, the Court denies the motion.

To obtain a TRO, the movant must demonstrate: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that imminent and irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). A preliminary injunction "is appropriate only if the anticipated injury is imminent and irreparable," *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), and not speculative. *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015); *see also Holland Am. Ins. Co. v.Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient" to show irreparable harm.). The party seeking preliminary injunctive relief

ORDER – PAGE 1

carries the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

A TRO is a "highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, 2009 WL 2044596, at *1 (N.D. Tex. 2009). As such, a movant must establish the same four elements as for a preliminary injunction. However, TROs are generally restricted to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 439 (1974).

In this case Grady seeks a TRO requiring defendant Deaf Action Center ("DAC") to reinstate Grady's employment status and prohibit DAC from "engaging in further acts of retaliation." Pl.'s Mot. 5 [15]. In support of her motion, Grady offers two reasons why irreparable harm will occur in the absence of an injunction: (1) deaf community members for whom Grady advocates will be without her services if she is not reinstated, and (2) Grady's professional reputation within the "close-knit deaf community" will be damaged if she cannot serve her clients. *Id.* at 4. However, neither of these proffered reasons are sufficient to establish irreparable harm in this case.

First, the alleged harm to deaf community members is categorically insufficient to meet the irreparable harm prong for a TRO or an injunction. The "irreparable-injury element 'requires a showing of irreparable harm to the movant rather than to one or more third parties.'" *Coleman v. Meridian Imaging, P.A.*, 2024 WL 3682300, at *2 (S.D. Miss. 2024) (quoting *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 622 (1st Cir. 1995)); *accord Morice v. Hosp. Serv. Dist. #3*, 2019 WL 1517954, at *7 (E.D. La.

ORDER – PAGE 2

2019) (denying preliminary injunction to physician because alleged harm to patients from the physician's suspension is not enough to show irreparable harm); *Expedia, Inc. v. United Airlines, Inc.*, 2019 WL 1499269, at *6 (S.D.N.Y. 2019) (stating that "injuries to third parties do not demonstrate that Expedia itself will suffer irreparable harm"). The alleged harm here to other deaf community members is therefore not sufficient to support a TRO.

Second, any alleged reputational harm is speculative and based only on conclusory statements. While it is true that reputational injury "can be used to establish irreparable harm in certain circumstances, 'the showing of reputational harm must be concrete and corroborated, not merely speculative.'" *Pruvit Ventures, Inc. v. Forevergreen Int'l LLC*, 2015 WL 9876952, at *5 (E.D. Tex. 2015) (quoting *Toxco Inc. v. Chu*, 724 F. Supp. 2d 16, 30 (D.D.C. 2010)). Here, the alleged reputational harm is supported only by two conclusory statements in plaintiff Grady's declaration. *See* Grady Decl. ¶ 11 [15-2] ("This situation damages both my reputation and DAC's fulfillment of its state contract obligations."); Grady Decl. ¶ 17 ("The loss of my ability to serve my clients and the damage to my professional reputation cannot be adequately compensated by monetary damages alone."). These statements are insufficient for the Court to find that the alleged reputational harm is anything more than speculative.

Accordingly, the Court denies Grady's emergency motion for TRO. The Court will consider Grady's motion for preliminary injunction on the papers – that is, on affidavits, declarations, depositions, and associated exhibits. The parties are ordered to confer regarding an expedited briefing schedule for the preliminary injunction. If the parties are

ORDER – PAGE 3

unable to agree, they shall each file their proposed schedule by 5:00 p.m. on December 12, 2024.

Signed December 4, 2024.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 4