IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEILA GRADY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-01207-N |
| | § | |
| DEAF ACTION CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Sheila Grady's motion for preliminary injunction [21]. Because Grady fails to establish that she will face irreparable harm in the absence of an injunction, the Court denies the motion.

### I. ORIGINS OF THE DISPUTE

This is a disability discrimination case. Grady, a deaf woman, alleges her employer, Deaf Action Center ("DAC"), failed to provide accommodations and deliberately discriminated against her because of her disability. *See* Pl.'s Compl. ¶¶ 36–41 [1]. DAC hired Grady in 2011, and since 2013 she has worked in the role of a "Deaf and Hard of Hearing Access Specialist." *Id.* ¶ 9. In August 2019, Grady received a written warning accusing her of being "overly aggressive, overbearing, and engaging in excessive gas lighting [sic]" after she advocated for equal access in the workplace. *Id.* ¶ 14. In 2023, DAC directed Grady to stop requesting sign language interpreters when Grady delivered trainings and presentations to outside entities. *Id.* ¶ 16. DAC then further directed Grady to stop requesting interpreters when interacting with hard of hearing clients who do not use

sign language. *Id.* ¶¶ 22–23. Grady alleges the lack of interpreters in these contexts effectively denies her access and constitutes discrimination on the basis of disability. *See id.* ¶¶ 36–38. DAC then suspended Grady; initially with pay and later without. *See* Pl's Mot. TRO 2 [15]; Pl.'s Suppl. 1 [26]. Grady now moves for a preliminary injunction to restore her to her role as an Access Specialist and preventing further retaliatory actions. Pl.'s Mot. 13 [21].

## II. Legal Standard for Preliminary Injunction

A preliminary injunction is "an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain injunctive relief, a movant must establish (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572–73 (5th Cir. 1974)). A preliminary injunction "is appropriate only if the anticipated injury is imminent and irreparable," *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975), and not speculative. *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 694 (N.D. Tex. 2015); *see also Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) ("Speculative injury is not sufficient" to show irreparable harm.). "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). But money damages may not be adequate in special circumstances such as where a decision on the merits would not be

possible without an injunction. *Id.* The party seeking preliminary injunctive relief carries the burden of persuasion on all four elements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

### III.  THE COURT DENIES THE MOTION BECAUSE GRADY FAILS TO ESTABLISH IRREPARABLE HARM

Reviewing the record, the Court concludes that Grady has failed to show that money damages will be an inadequate remedy, and therefore does not satisfy the irreparable injury requirement. Grady argues she can establish irreparable harm in three ways: (1) by reputational harm; (2) because "Fifth Circuit precedent supports a presumption of irreparable harm when statutory rights are at stake"; and (3) because this employment dispute presents extraordinary conditions under *Sampson v. Murray*, 415 U.S. 61, 92 n.68 (1974), that support giving preliminary relief. Pl.'s Mot. 9–11. The Court takes each argument in turn.

#### A. Grady's Asserted Reputational Harm is Not Sufficient

First, the Court concludes that Grady's assertions of reputational harm in this case do not constitute sufficient irreparable harm to warrant the extraordinary remedy of a preliminary injunction. Grady brings multiple examples of situations where various professional contacts were unable to perform planned work with Grady because she was suspended. *See, e.g.*, Grady Second Suppl. Decl. ¶¶ 3–5, 16–17 [21-1].[1] For example,

---

[1] DAC has objected to many statements within the various declarations Grady brings in support of her motion. *See generally* Def.'s Objections [23]. The Court does not address these objections because, even assuming the evidence is admissible, Grady still fails to meet the requirements for a preliminary injunction.

Grady stated that a deaf-education teacher "contacted multiple colleagues searching for me after I failed to appear for a scheduled presentation, damaging my professional credibility with the educational community I serve." *Id.* ¶ 4. And Grady also describes how "a long-standing client attempted multiple times to reach me through DAC's Dallas office. After receiving no response, she concluded I must be 'in the hospital dying' — demonstrating how DAC's actions are causing clients to question both my reliability and professionalism." *Id.* ¶ 16. These examples, and the others like it, show how some harm occurred from the single act of Grady's suspension. But they fail to show any continuing harm. This kind of transitional injury can occur any time an employer suspends an employee. To conclude that a reinstating injunction is warranted any time plans get derailed due to a change in employment status would dramatically lower the standard for what is supposed to be an extraordinary remedy. Reinstating Grady at this point will not remedy this transitional harm that came from the abrupt nature of her suspension.

And to the extent any of Grady's evidence shows continuing harm, this harm is not so severe or irreparable to warrant the extraordinary remedy of a preliminary injunction. Grady cites to one Fifth Circuit authority, *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047 (5th Cir. 1997), to support her argument that reputational harm can establish irreparable injury for the purposes of an injunction. In that case, a school superintendent was suspended and later terminated by an unconstitutionally biased school board. *Id.* at 1049–53. In affirming a preliminary injunction, the Fifth Circuit concluded that the irreparable harm prong was met because the plaintiff "provided strong evidence, in the form of an affidavit from a former school superintendent with nationwide experience in the conduct

of searches to fill such positions, that the Board's biased finding of inefficiency and incompetence will inflict such severe injury to her professional reputation that a monetary award would likely be inadequate." *Id.* at 1056 (emphasis omitted). The court went on to note that it was the "threat of injury to [Plaintiff's] reputation *and her ability to procure comparable employment*" that established irreparable injury. *Id.* (emphasis added).

Here, Grady brings no evidence showing that her suspension from DAC will have a severe impact on her ability to procure comparable employment in the future. Unlike in *Valley*, where the school board publicly made a finding of inefficiency and incompetence, there is no allegation that DAC published similar findings. Instead, it seems that DAC has been generally silent regarding Grady's suspension. Indeed, Grady stated that a former client "feared I might be 'in the hospital dying' due to lack of information from DAC." *See* Grady Second Suppl. Decl. ¶ 23. And while Grady stated that her abrupt suspension caused her to abandon ongoing cases and therefore "will permanently affect [her] ability to receive future referrals from law enforcement agencies," *id.* ¶ 29, this harm is again due to the sudden nature of Grady's suspension and is not an ongoing harm. As such, Grady does not have similar "strong evidence" showing that she faces irreparable harm absent an injunction.

### B. There is No General Presumption of Irreparable Harm for Statutory Rights

Next, Grady asserts that Fifth Circuit precedent supports the idea that there is a presumption in favor of irreparable harm in cases involving statutory rights. Pl.'s Mot. 10. Grady cites *Murry v. American Standard, Inc.*, 488 F.2d 529, 531 (5th Cir. 1973) (per curiam), as support for this proposition. In *Murry,* a Title VII case, the court concluded

MEMORANDUM OPINION AND ORDER – PAGE 5

that because Congress authorized injunctive relief when "the court finds that the respondent has intentionally engaged in . . . an unlawful employment practice," there was no need to show irreparable harm. *See id.* at 530–31. However, this approach to injunctive relief has since been repeatedly rejected by the Supreme Court.

Most recently, in *Starbucks Corp. v. McKinney*, the Court reaffirmed that district courts must apply the traditional four-factor test for equitable relief unless Congress provides a "clear command" that the traditional test does not apply. 602 U.S. 339, 346–47 (2024). The Court stated "we do not lightly assume that Congress has intended to depart from established principles" when authorizing injunctive relief and confirmed that this approach applies to a wide variety of statutes. *Id.* at 346 (citing *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 496 (2001); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312–13 (1982); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542–44 (1987); *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).

Here, Grady neither cites the text of the applicable statutes nor argues that there has been any "clear command" from Congress that authorizes preliminary injunctions without a showing of irreparable harm. And given the Supreme Court's consistent holdings on this issue, this Court cannot agree that *Murry* creates a general presumption of irreparable harm in cases involving statutory rights.

### C. This Case Does Not Present Extraordinary Circumstances

Finally, Grady argues that the "extraordinary" circumstances in this case justify preliminary equitable relief. The Court disagrees. In a footnote in *Sampson v. Murray*, the Supreme Court recognized "that cases may arise in which the circumstances surrounding

an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found." 415 U.S. at 92 n.68. However, in its next breath, the Court cautioned that district courts should only provide preliminary equitable relief "in the genuinely extraordinary situation" and not in the "routine case." *Id.* Here, Grady asserts that some of her professional contacts in her field are disappointed at her suspension and may now find her less reliable. *See* Grady Second Suppl. Decl. ¶¶ 13, 16. However, the Court views that this is much closer to the "routine case" than a "genuinely extraordinary situation" and therefore does not warrant preliminary injunctive relief.

## CONCLUSION

Because Grady does not establish sufficient irreparable harm to warrant an extraordinary remedy, the Court denies her motion for preliminary injunction.

Signed June 16, 2025.

David C. Godbey
Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 7