**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHEILA GRADY,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:24-CV-1207-N** |
| | § | |
| **DEAF ACTION CENTER,** | § | |
| | § | |
| *Defendant*. | § | |

<u>**JOINT PRETRIAL ORDER**</u>

Plaintiff Sheila Grady ("Plaintiff") and Defendant Deaf Action Center ("Defendant")

submit this proposed Joint Pretrial Order pursuant to Local Rule 16.4 and the Court's August 9,

2024, Scheduling Order.

**I.  Information Required Under Local Rule 16.4**

**A.     Summary of the Claims and Defenses of the Parties**

**1.     *Summary of Plaintiff's Claims***

Plaintiff Sheila Grady brings this action for disability discrimination, failure to provide

reasonable accommodations, and retaliation in violation of the Americans with Disabilities Act

(ADA), Section 504 of the Rehabilitation Act, and the Texas Labor Code. Ms. Grady, a profoundly

Deaf individual, was a dedicated Deaf and Hard of Hearing Access Specialist for Defendant for

over a decade.

Plaintiff's claims arise from Defendant's persistent and unlawful conduct, which includes:

**Failure to Accommodate:** Systematically denying Ms. Grady's requests for qualified

American Sign Language (ASL) interpreters, which are necessary for her to perform her job and

participate in workplace activities. This denial occurred despite Defendant's leadership, who are also deaf, regularly using interpreters for themselves.

**Retaliation:** Subjecting Ms. Grady to a campaign of retaliatory actions after she engaged in protected activities, including requesting accommodations and filing a Charge of Discrimination with the EEOC on April 19, 2023. This retaliation included unwarranted disciplinary actions, baseless accusations of poor performance, and ultimately, placing her on unpaid administrative leave and terminating her employment on July 2, 2025.

**Discrimination and Hostile Work Environment:** Creating a hostile work environment through bullying, harassment, and discriminatory treatment. This includes an incident where Defendant's Executive Director reprimanded Ms. Grady for the cost of accommodations and another where she was falsely accused of providing inferior services, leading to a written reprimand threatening termination.

2.      *Summary of Defendant's Claims and Defenses*

Defendant at all times complied with applicable state and federal disability discrimination laws with respect to Plaintiff's employment. With respect to the disability discrimination and retaliation claims, Defendant acted at all times on the basis of legitimate, business reasons with respect to decisions made regarding Plaintiff's employment, including the decision to terminate her employment rather than reinstating her after she was placed on administrative leave. With respect to the failure to accommodate claims, Defendant did not fail to provide reasonable accommodations to the Plaintiff. An essential duty of the Plaintiff's job as an Access Specialist was to communicate with clients in written English. Removing this requirement and allowing the Plaintiff to use in person ASL interpreters to accommodate her communication preference would negatively impact the delivery of services to hard of hearing clients. Removing essential job

functions is not a reasonable accommodation as a matter of law. Plaintiff had virtual ASL interpretive services available to her that would have provided both ASL interpretation and written captions for hard of hearing clients. Finally, Plaintiff's Complaint does not include a claim for disability-based harassment; nonetheless, Plaintiff cannot meet the elements of a disability-based harassment claim as a matter of law.

**B.      Statement of Stipulated Facts**

1.      Defendant is a non-profit organization that provides services to the deaf and hard of hearing in the DFW area.

2.      On September 1, 2011, Defendant hired Plaintiff as a Deaf and Hard of Hearing Access Specialist.

3.      Plaintiff is deaf.

4.      Plaintiff's last salary was $45,000 per year.

5.      Plaintiff filed her charge of discrimination with the EEOC on April 19, 2023.

6.      Plaintiff was placed on administrative leave with pay on November 11, 2024.

7.      Plaintiff was placed on administrative leave without pay on February 21, 2025.

8.      On March 6, 2025, Plaintiff began working part-time for another employer.

9.      Plaintiff's employment was terminated on July 2, 2025.

**C.      List of Contested Issues of Fact**

**1.      *Plaintiff's Contested Issues of Fact***

a.      Whether Defendant's stated reasons for its disciplinary actions and termination of Ms. Grady were a pretext for disability discrimination and/or retaliation.

b. Whether Ms. Grady's requests for in-person ASL interpreters were a reasonable and necessary accommodation.

c. Whether providing the requested interpreters would have posed an undue hardship on Defendant.

d. Whether Defendant engaged in a pattern of harassment and retaliation against Ms. Grady in response to her requests for accommodation and her filing of an EEOC charge.

e. Whether the conduct of Defendant's leadership created a hostile work environment.

f. The extent of emotional distress and other damages suffered by Ms. Grady as a result of Defendant's unlawful actions.

2. ***Defendant's Contested Issues of Fact***: Defendant contends that there are no contested issues of material fact, as noted in Defendant's summary judgment briefing.

**D. List of Contested Issues of Law**

**1.** *Plaintiff's Contested Issues of Law*

a. Whether Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA and the Rehabilitation Act.

b. Whether Defendant failed to provide Plaintiff with reasonable accommodations.

c. Whether Defendant unlawfully retaliated against Plaintiff for engaging in protected activities.

d.     Whether Plaintiff is entitled to back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

**2.** *Defendant's Contested Issues of Law*

a.     Whether Plaintiff has been discriminated against because of her disability.

b.     Whether Defendant failed to reasonably accommodate Plaintiff through the provision of in person ASL interpretation services for communications with hard of hearing clients.

c.     Whether Plaintiff can prove that she was subject to an adverse employment action in retaliation for engaging in protected activity.

d.     Whether Plaintiff has suffered any damages caused by Defendant.

e.     Whether Plaintiff made reasonable efforts to mitigate her alleged damages.

**E.   Estimated Length of Trial**

**1.** *Plaintiff's Estimate*

Plaintiff estimates that the trial of this matter will take 4-5 days.

**2.** *Defendant's Estimate*

Defendant estimates trial can be completed in 2-3 days.

**F.   List of Additional Matters That Might Aid in the Disposition of This Case**

Defendant's summary judgment motion has been fully briefed.

The Parties Request Court Certified Qualified Sign Language Interpreters for this trial.

SIGNED AND ENTERED this _____day of _____, 2025.

_____
HONORABLE DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE

Agreed to Form:

By: */s/ Andrew Rozynski (w/permission)*
    Andrew Rozynski
    EISENBERG & BAUM, LLP
    24 Union Square East, PH
    New York, New York 10003
    Telephone: (212) 353-8700
    arozynski@eandblaw.com

    Thomas S. Brandon, JR.
    Texas State Bar No. 02881400
    Whitaker Chalk Swindle & Schwartz
    PLLC
    301 Commerce Street, Suite 3500
    Fort Worth, Texas 76102
    Telephone: 817-878-0532
    Facsimile: 817.878.0501
    tbrandon@whitakerchalk.com

    **ATTORNEYS FOR PLAINTIFF**

By: */s/ Kristin L. Bauer*
    Kristin L. Bauer
    Texas State Bar No. 24006813
    Kristin.Bauer@jacksonlewis.com
    Keshia N. Barnes
    Texas State Bar No. 24089010
    Keshia.Barnes@jacksonlewis.com
    Justin Sassaman
    Texas State Bar No. 24143383
    Justin.Sassaman@jacksonlewis.com

    JACKSON LEWIS P.C.
    500 N. Akard Street, Suite 2500
    Dallas, Texas 75201
    Telephone: (214) 520-2400
    Facsimile: (214) 520-2008

    **ATTORNEYS FOR DEFENDANT**